IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELDIE C.,

    Plaintiff,

v.   Civ. No. 20-1162 GBW

FRANK BISIGNANO,[1]
*Commissioner of the Social*
*Security Administration*,

    Defendant.

# ORDER GRANTING IN PART
# MOTION FOR ATTORNEY FEES PURSUANT TO § 406(B)

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). *Doc. 38*. Plaintiff's counsel requests a fee award of $39,100.00. *Id.* at 8. The Commissioner takes no position. *Doc. 40*. Plaintiff's motion will be GRANTED IN PART for the reasons that follow.

## I.  Background

Plaintiff sought review of his denial of benefits in this Court on November 9, 2020. *Doc. 1*. On August 31, 2021, Plaintiff filed a motion to remand to the Agency. *Doc. 25*. The Court granted remand on March 31, 2022. *Doc. 34*. On June 15, 2022, the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Commissioner Frank Bisignano has been substituted for former Acting Commissioner Leland Dudek as the defendant in this suit.

Court awarded Plaintiff $7,500.00 in attorney fees and $402.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Doc. 37*.

On May 13, 2024, Plaintiff received a fully favorable decision on remand. *Doc. 38-1*. The Notice of Award stated that Plaintiff was entitled to benefits beginning February 2017 and explained that 25% of the past-due benefits, or $66,681.50, would be withheld until the amount of attorney fees was determined. *Doc. 38-2* at 3. Plaintiff's counsel now seeks an award of $39,100.00 to be paid out of Plaintiff's past-due benefits. *Doc. 38* at 8.

## II.     Standard of Review

Attorneys representing Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406.[2] Fees pursuant to 42 U.S.C. § 406 are awarded upon a claimant's receipt of past-due benefits. *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Fees for representation at administrative proceedings are governed by § 406(a), while § 406(b) governs fees for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw*, 450 F.3d at 498.

---

[2] If an attorney receives awards under both EAJA and § 406(b), the attorney must refund the smaller award to the claimant. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Fee awards under § 406(b) are governed by two conditions: a 25% cap and a reasonableness standard.  First, the Court may not award fees "in excess of 25 percent of the total of the past-due benefits" owed to Plaintiff as a result of the favorable judgment by the Agency.  42 U.S.C. § 406(b)(1)(A).  This cap applies "only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).  Second, the Court may only award fees that are "reasonable."  42 U.S.C. § 406(b)(1)(A).  Plaintiff's attorney has the burden of showing that, "[w]ithin the 25 percent boundary, . . . the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807.  Although the standard for fee awards under § 406(b) does not "displace contingent-fee agreements," the Court's review of fee arrangements serves as an "independent check[] to assure that [these arrangements] yield reasonable results in particular cases."  *Id.*

The reasonableness determination is "based on the character of the representation and the results the representative achieved."  *Id*. at 808 (citations omitted).  The court may therefore consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case.  *Id.*; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

3

### III.     Analysis

The requested fee of $39,100.00 is significantly less than 25% of Plaintiff's total past-due benefits, the threshold permitted by § 406(b).  The requested fee is also less than the 25% provided by the Engagement Letter between Plaintiff and Plaintiff's counsel.[3]  *See doc. 38-3* at 5.  The Court therefore turns to the *Gisbrecht* factors to assess whether the requested fee is reasonable.  *See* 535 U.S. at 808.

First, the Court does not find that the representation was substandard in any way; Plaintiff's counsel obtained a favorable outcome resulting in a past-due benefits award of approximately $266,726.00.  *See id*.  Second, although counsel was responsible for some delay in the case, *see id.*, the delay was insufficient to justify reducing the fee award.  Plaintiff requested three extensions of time to file the motion for remand, adding nearly three months to the briefing schedule.  *See docs. 19, 21, 23*.  The Court finds that these extensions were reasonable and minimal, particularly in light of the lengthy timespan covered by the past-due benefits.  In addition, Plaintiff's counsel filed the request for attorney fees approximately two weeks after Plaintiff received his award of past-due benefits.  *See doc. 26-2*; *McGraw*, 450 F.3d at 505 ("A motion for an award of

---

[3] The Engagement Letter provides for both a contingent fee of 25% of past-due benefits, *and* a $5,000 retainer.  *See doc. 38* at 7; *doc. 38-3*.  Counsel does not indicate that the $5,000 retainer fee has been refunded to Plaintiff.  Section 406(b) provides that "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits," but that "[i]n case of any such judgment, *no other fee may be payable or certified for payment for such representation* except as provided in this paragraph."  42 U.S.C. § 406(b)(1)(A).  The Court therefore presumes Plaintiff's counsel will refund the $5,000 retainer fee as appropriate.

4

fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.").

However, the Court must give careful consideration to the third factor: whether the award is disproportionate to the amount of time counsel spent on the case. *Gisbrecht*, 535 U.S. at 808. Counsel's affidavit indicates he spent 39.1 hours working on Plaintiff's case, *doc. 36-4*, which equates to an hourly rate of approximately $1,000.00. This rate is "considerably higher than the average for Section 406(b) fees recently authorized in this District." *Gabrielle H. v. Dudek*, 2025 U.S. Dist. LEXIS 54185, at *7 (D.N.M. Mar. 24, 2025) (collecting cases; reducing the requested rate of $835.00 to an hourly rate of $670.00); *see also Baca v. Bisignano*, 2025 U.S. Dist. LEXIS 147375, at *8 (D.N.M. Jul. 30, 2025) (reducing requested hourly rate of $918.37 to $670); *Williams v. Bisignano*, 2025 U.S. Dist. LEXIS 114509, at *5 (D.N.M. June 16, 2025) (finding $600 to be the "highest reasonable rate" for fees under § 406(b)); *Esperanza v. Colvin*, 2025 U.S. Dist. LEXIS 9759, at *4 (D.N.M. Jan. 16, 2025) (finding an hourly rate of $462.08 "in line with other fee awards authorized in this District"). On the other hand, the requested hourly rate is not entirely unprecedented. *See Kelley v. Saul*, 2020 U.S. Dist. LEXIS 122691, at *6–7 (D.N.M. Jul. 10, 2020) (finding an hourly rate of $1,073.68 reasonable and noting the Supreme Court's explicit rejection of the "lodestar method"); *Baca v. Saul*, 2020 U.S. Dist. LEXIS 30576, at *5–6 (D.N.M. Feb. 21, 2020) (finding an hourly rate of $1,025.00 reasonable in light of counsel's experience and efficiency).

Plaintiff's counsel represents that he has been practicing law since 2008, that he is a member of the National Organization of Social Security Representatives, and that he has trained other lawyers to represent Social Security claimants in programs sponsored by the National Business Institute. *Doc. 38* at 4. The Court commends counsel's specialized knowledge of Social Security law and acknowledges the favorable result reached in this case. The Court also notes that the total requested fee award of $39,100.00 is within the range found reasonable in this District. However, an hourly rate of $1,000.00 is exceptionally high compared with the average fees awarded in this District. Plaintiff's counsel himself acknowledges that a reasonable hourly rate for an attorney with his experience "is between $400 and $1,000," and cites only one case with an award exceeding $700.00 per hour. *Doc. 38* at 4.

Taking all relevant factors into consideration, the Court finds that the requested award is disproportionate to the time spent on the case and should be reduced to $35,190.00, or an hourly rate of approximately $900.00. The Court notes that the reduced award is still significantly higher than the average in this District. It accounts for counsel's experience and expertise, as well as the risk inherent in accepting the case on a contingency basis. The Court further notes that the reduced award is higher than the amount that would be reached under a lodestar calculation. *See Gisbrecht*, 535 U.S. at 806.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (*doc. 38*) is GRANTED IN PART, and the Court hereby authorizes an award of **$35,190.00** in attorney fees, to be paid to Plaintiff's attorney by the Agency from the funds withheld for this purpose. This amount represents the total reasonable fee for Plaintiff's representation as determined by the Court, and pursuant to 42 U.S.C. § 406(b)(1)(A), **no other fee** is payable for Plaintiff's representation.  Therefore, to the extent additional payment has been rendered for representation before this Court, it shall be refunded.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the fee of **$7,500.00** awarded under the EAJA pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**